SEAPINE’S MOTION FOR REHEARING
Seapine contends that the receivership court’s order did not partially lift the automatic statutory stay, as stated in this court’s opinion, but rather that it simply modified that portion of its “discretionary injunction,” issued under the authority of section 631.041(4), barring suits against the Receiver without prior authorization of the receivership court. It argues that the receivership court “certainly had the discretion to lift its own injunction without affecting the statutory stay.” However, the explicit language of the August 1991 order, quoted in the first footnote of this opinion, as well as the holding in this court’s opinion that Sea-pine did not establish the requisite justification for issuance of an injunction pursuant to section 631.041(4), seriously undercuts these arguments.
Seapine states that this court’s opinion “refers to the progress of the Seapine case in the Dade County courts as ‘unfathomable’ ” and asserts that “the transactions leading to the addition of the Department as a party defendant and the transfer to Leon County were the necessary result of the actions of the appellants herein.” Actually, this court’s opinion referred to the strategies practiced by the parties in the Dade County action as “unfathomable.” As to Seapine’s argument that its actions were the “necessary” response to the actions of the appellants, we note first that Seapine could have chosen to challenge the ruling of the Dade County Circuit Court that the Department was an indispensable party to its foreclosure action against the appellants instead of amending its complaint to add the Department as a nominal party, and second that instead of voluntarily dismissing its amended complaint, it could have chosen to oppose the appellants’ motion to dismiss the amended complaint and could have argued that the Department was not the “real party in interest” in the foreclosure action, as was asserted by the appellants.
Seapine seeks deletion of dicta in the last paragraph of this court’s opinion “to the effect that it will ultimately result in the Department being removed as nominal party in Seapine’s action against appellants” (the foreclosure action which is the subject of the appeal in case no. 94-3641). It argues that section 631.041(4) “does not prohibit actions against the Department of Insurance as receiver so long as they don’t seek relief against the receivership assets,” that it therefore “does not necessarily follow that the Department will have to be removed as a party,” and that the issue, properly determined by the Leon County Circuit Court, “should not be prejudged in this appeal.” This court’s comment on the likely result of our decision does not dictate actions by either of the parties or by the trial court in the foreclosure action.
Seapine asserts that the appellants have filed a motion for judgment on the pleadings in the circuit court and have sought recall of the mandate in case no. 94-3641, which they characterize as “holding that venue was proper in Leon County.” We note that this court’s per curiam affirmance, without opinion, of the trial court’s denial of the motion to dismiss in the foreclosure action was not a holding that venue was proper in Leon County, but was merely an affirmance of the trial court’s rejection of the appellants’ only challenge to venue in Leon County, which was *834 based upon the waiver of venue provision in the underlying note.
Seapine correctly notes that the “pending” appeal of the motion to dismiss in the Leon County foreclosure action referenced in this court’s June 19, 1996, opinion was actually concluded in January 1996, “before this court’s opinion was rendered.” We note that this apparent oversight occurred in the wake of Chief Judge Earle Zehmer’s untimely death.
The motion for rehearing filed by the Department of Insurance is DISMISSED as untimely. Seapine Corporation’s motion for rehearing is DENIED, with the exception of deletion of the footnote reference in this court’s opinion to the “pending” appeal of the denial of the motion to dismiss in the Leon County foreclosure action.
ERVIN and KAHN, JJ., concur.